UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD EUGENE SEARS

    Claimant,

AND

CARRIER CORPORATION

    Respondent.

Case No.: 3:07-CV-5-HLA-JRK

## DECLARATION OF RUTLEDGE R. LILES
## ON ISSUE OF ATTORNEYS' FEES AND COSTS

1. I was admitted to The Florida Bar in November of 1966 and have continuously practiced law in the State of Florida since that date. I am over the age of twenty-one (21) years.

2. This Declaration is submitted in support of the Motion of Plaintiff Richard Eugene Sears ("Sears") for an award of the reasonable fees and expenses of counsel incurred in connection with their representation of Sears in the above-referenced matter.

3. I graduated from the University of Florida College of Law in August, 1966. With the exception of six (6) months active duty in the United States Marine Corps Reserves immediately following my graduation, I have been engaged in the practice of law. My practice for the last forty-two (42) years has been limited to litigation, a substantial portion of which has consisted of complex commercial litigation in state and federal courts, including securities, contract, business torts, intellectual property, class actions, product liability and professional malpractice.

**EXHIBIT B**

4. I am admitted to practice before the United States District Court for the Middle, Southern and Northern Districts of Florida, the United States Court of Appeals for the Fifth and Eleventh Circuits and the United States Supreme Court. Attached as Exhibit A is my curriculum vitae.

5. In preparation for rendering an opinion in this matter, I have reviewed the Second Amended Complaint, Carrier's Offer of Judgment, and Sears' Motion for Fees, Expenses, and Pre-Judgment Interest, and Memorandum of Law. I have also reviewed the Declaration of John A. DeVault, III In Support of Fees and Expenses of Counsel, as well as the Declaration of Scott Thomas Fortune In Support of Fees and Expenses of Counsel. I have also reviewed the detailed time logs of each law firm and itemization of costs advanced. I also met with John A. DeVault, III and Amanda Ferrelle to discuss the case.

6. I have also reviewed Rule 4-1.5(b), Rules Regulating The Florida Bar and have relied upon the provisions of this Rule in considering the question of attorneys' fees.

7. In my opinion, this case was of enormous significance to Sears, the amount involved substantial and the subject area of the law unique. The result obtained was exceptional, given the facts of the case.

8. Given his financial circumstances, Sears was at a significant financial disadvantage when faced with prosecuting his claim. Notwithstanding, not only was he successful in obtaining representation on a contingent fee basis, but he also had the good fortune of enlisting counsel experienced in complex litigation as this with impeccable credentials. I have known John A. DeVault, III for over forty-two (42) years and have litigated with him in the past. Accordingly, I am quite aware of the excellence he brings to a case. I also know of Scott

Thomas Fortune's experience in cases of this nature and am familiar with his work ethic, having had the pleasure of working with him when he was an associate with my law firm in the 1980's.

9.  Based upon my review of the above-referenced materials, it is my opinion that the time expended by Mr. DeVault and his law firm is more than reasonable, and the hourly charges for each lawyer/paralegal are reasonable and well within the recognized and accepted range for lawyers of similar experience, if not a bargain.

10. Based upon my review of the time logs submitted by Mr. Fortune, and without disparity to Mr. Fortune or his assistant, I believe that an adjustment of the hours spent is warranted. This opinion is based upon a line-by-line analysis of the time logs, the fact that there is apparent overlap and duplication of effort and in some instances, more time spent on a particular matter than perhaps was warranted.[1]

11. As already stated, this was a difficult and complex case and there was no guarantee at the outset that Sears would be met with success. Accordingly, agreeing to represent Sears on a contingent fee basis and advancing costs in the face of a real possibility that nothing would be recovered was a great risk to the law firms.

12. It is my opinion that the Bedell law firm fees of $82,041.50 and costs of $7,000.99 are reasonable and justified. It is my further opinion that fees of the Fortune law firm of $319,418.75 and costs of $32,945.20 are reasonable and justified. With regard to the costs, they are customary and what one would expect to see in cases as this.

---

[1] The hourly rates for Mr. Fortune and his staff are reasonable. Again, this is not intended as criticism, but merely recognition that, given the anticipated recovery, more time than perhaps necessary may have been spent in prosecuting the claim. While that may well attest to Mr. Fortune's admirable work ethic, the additional hours should not be borne by Defendant.

13. Accordingly, it is my opinion that the appropriate lodestar is $401,460.25.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of March, 2009.

_____
Rutledge R. Liles

# CURRICULUM VITAE

## of

## RUTLEDGE R. LILES

| | |
|---|---|
| Date of Birth: | 1-30-42, Miami, Florida |
| Home Address: | 1013 Maple Lane<br>Jacksonville, Florida 32207<br>(904) 398-4040 |
| Office Address: | One Enterprise Center, Suite 1500<br>225 Water Street<br>Jacksonville, Florida 32202 |
| Marital Status: | Married, Noel L. Doepke - 12/28/63<br>Three adult daughters; nine grandchildren |
| Employment: | Liles, Gavin, Costantino & George |
| Education: | B.A. Degree, Florida State University, 1964<br>J. D. Degree, University of Florida College of Law, 1966<br><br>Executive Editor, University of Florida Law Review |
| Activities: | President, Jacksonville Bar Association, 1976 - 1977<br><br>Member, Board of Governors, The Florida Bar, 1981 - 1987<br><br>President-Elect, The Florida Bar, 1987 - 1988<br><br>President, The Florida Bar, 1988 - 1989<br><br>Fellow, American College of Trial Lawyers<br><br>Fellow, American Bar Foundation<br><br>Board Certified Civil Trial Lawyer<br><br>Listed-"The Best Lawyers In America" - 1999-2009 Editions<br>Eight Categories:<br>Bet-the-Company Litigation (2009 Edition)<br>Business Litigation<br>Commercial Litigation<br>Insurance Law<br>Legal Malpractice Law<br>Personal Injury Litigation |

Product Liability Litigation
Intellectual Property Law (2008 Edition)

Listed-"Chambers USA-America's Leading Business Lawyers" - 2004-2008 Editions

Cover: Jacksonville Magazine – "Legal Eagles" 2001

Florida Trend Magazine – "The State's Legal Elite" – 2004 - 2007

Florida Super Lawyers – Listed as one of the top 100 in the State– 2006 – 2008

Who's Who Legal – Florida 2008

Trustee Emeritus, University of Florida Law Center Association

Member, Federal Judicial Nominating Commission (appointed by Senator Connie Mack) 1989 - 1992

Member, Federal Judicial Nominating Commission (appointed by Senator Bob Graham) 1993 - 1996

Member, Florida Judicial Qualifications Commission, 1991 – 1998

Member, American Association for Justice

Member, International Society of Barristers (Board of Governors 2007-2010)

Master, Chester Bedell Chapter, Inns of Court

Member, American Board of Trial Advocates

Ethics Commission, City of Jacksonville (past member)

Florida Supreme Court Jury Instruction Committee – Civil (past member)

Member, Florida Supreme Court Historical Society (President 2007-2008)

| | |
|---|---|
| Lectures: | I have lectured extensively at state and local bar CLE programs on topics ranging from trial tactics, malpractice, ethics, and lawyer professionalism.<br><br>"Solutions to the Decline of Ethics & Morality In American Culture: Living Life Backwards" University of North Florida (symposium), April, 1998 |
| Authorships: | Guest Statute: Applicability of Guest Statute Exception to College Students, 18 U.Fla.L. Rev. 159 (1965) Evidence: Legislative Reform for the "Dead Man's Statute," 18 U.Fla.L.Rev. 693 (1966)<br><br>The Lawyer in Society - A Role with Responsibility, Vol. LXII, No., 7, July/August, 1988, The Florida Bar Journal<br><br>Professionalism: Rebirth of an Ideal, Vol. LXII, No. 9, The Florida Bar Journal, October, 1988<br><br>"We The People" - The Vanishing American Voter? Vol. LXII, No. 10, The Florida Bar Journal, November, 1988<br><br>Professionalism: The Self Discipline of Policing Our Ranks, Vol. LXII, No. 11, The Florida Bar Journal, December, 1988<br><br>Professionalism and the Contingent Fee: When is Enough Enough?, Vol. LXIII, No. 1, The Florida Bar Journal, January, 1989<br><br>Professionalism: Advertising and Solicitation- In Search of a Better Understanding, Vol. LXIII, No. 2, The Florida Bar Journal, February, 1989<br><br>The Case for Merit Selection/Retention of Trial Judges, Vol. LXIII, No. 3, The Florida Bar Journal, March, 1989<br><br>Legislation: Does The Florida Bar Have an Obligation to Speak Out?, Vol. LXIII, No. 4, The Florida Bar Journal, April, 1989 |

Professionalism and Our Historical Imperative: A Parting Comment, Vol. LXIII, No. 6, <u>The Florida Bar Journal</u>, June, 1989

Lawyers as Counselors: The Conflict Between Ordinary Morality and Practical Reality, 42 <u>U.Fla.L.Rev.</u> 479 (1991)

"Insurance Bad Faith: The 'Set Up Myth'," <u>Columns Magazine</u>, Harris Martin Publishing, November, 2002
Article also published in <u>The Florida Bar Journal</u>, June, 2003